UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH ROSE, *Pro Se*, | Case No. 1: 19 CV 127 |
| Plaintiff | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| DEPARTMENT OF CHILDREN AND FAMILY SERVICES, *et al.*, | |
| | MEMORANDUM OF OPINION |
| Defendants | AND ORDER |

**Background**

*Pro Se* Plaintiff Joseph Rose has filed this action against the Cuyahoga County Department of Children and Family Services and the Common Pleas Court of Cuyahoga County Juvenile Division. He filed his initial Complaint ( ECF No. 1) on January 17, 2019, an Amended Complaint (ECF No. 3) on January 22, 2019, and another Amended Complaint on March 14, 2019 (ECF No. 8) after the Defendants filed a Motion to Dismiss (ECF No. 4).

Although the Plaintiff's allegations in his various filings are unclear, his action clearly pertains to state juvenile court proceedings involving the custody of minor children. The Plaintiff contends his rights were violated in some way in connection with state child custody proceedings. For relief, he seeks damages and for the court to reverse a child custody determination made in a state case. (*See* ECF No. 1 at 8; ECF No. 3 at 13; and ECF No. 8 at 12.)

**Standard of Review**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required under 28 U.S.C. §1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). Additionally, federal courts are authorized "at any time, [to] *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

**Discussion**

Upon review, the court finds that the Plaintiff's Complaint must be summarily dismissed pursuant to §1915(e)(2)(B) and *Apple v. Glenn*.

The *Rooker-Feldman* doctrine precludes lower federal courts from exercising jurisdiction over actions that in substance seek appellate review of state court judgments, even if it is claimed that a state court judgment violates federal rights. *See Dakota v. Brown*, No. 3:12 CV 2110, 2012 WL 5378733, at *5 (N.D. Ohio Oct. 31, 2012), citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). Under

the doctrine, federal courts lack jurisdiction to determine the validity of state court judgments, as well as constitutional claims "inextricably intertwined" with state court decisions. *See Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-510 (6th Cir. 2000). A party raising a challenge to a state court judgment or decision must do so through the state appellate system and then directly to the United States Supreme Court. *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

Whatever the Plaintiff's precise claims in this case are, they are barred by *Rooker-Feldman* as he is clearly seeking what amounts to an impermissible appellate review of decisions made in a state juvenile court case. *See Dunina v. Hein*, No. C-3:06-CV-383, 2007 WL 496355, at *4 (S.D. Ohio Feb. 12, 2007) (summarily dismissing a *pro se* plaintiff's civil rights complaint challenging a judge's decisions in a state domestic relations case). Further, federal district courts lack jurisdiction over cases in which civil rights claims are asserted as a mere pretense for obtaining federal review of the merits of an underlying state domestic relations dispute. *Danforth v. Celebrezze*, 76 F. App'x 615 (6th Cir. 2003).

Additionally, neither of the named Defendants are entities capable of being sued for civil rights violations under 42 U.S.C. § 1983 in any case. *See Loper v. Cuyahoga County Children and Family Services*, No. 1: 18 CV 1598, 2019 WL 1597552, at *2 (N.D. Ohio, 2019) (the Cuyahoga County Department of Children and Family Services is a department or agency of Cuyahoga County and is not *sui juris* and cannot be sued in its own right); *Moore v. Cuyahoga County*, Case No. 1:16 CV 3068, 2017 WL 9486440, at *3 (N.D. Ohio 2017) (Common Pleas Courts are not *sui juris)*.

## Conclusion

Accordingly, the Plaintiff's application to proceed *in forma pauperis* (ECF Nos. 2, 9) is

granted, but for the reasons stated above, his action is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and *Apple v. Glenn*. In light of this dismissal, all remaining motions in the case are denied as moot. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                          /s/ Solomon Oliver, Jr  
                                          SOLOMON OLIVER, JR.  
                                          UNITED STATES DISTRICT JUDGE

Dated: May 15, 2019